UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
CHRISTOPHER MAXWELL, on behalf of himself :    **ECF Case**
and all others similarly situated, :
:    **Case No. 12 CIV 1699**
                  Plaintiff, :
:
     v. :
:
HSBC MORTGAGE CORPORATION (USA), :
ASSURANT, INC. and TRACKSURE
INSURANCE AGENCY, INC., :
:
                  Defendants. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## JOINT INITIAL REPORT

Plaintiff Christopher Maxwell ("Plaintiff") and defendants HSBC Mortgage Corporation (USA) ("HSBC"), Assurant, Inc. and Tracksure Insurance Agency, Inc. submit this Joint Initial Report pursuant to the Court's Notice dated March 27, 2012 (Docket No. 6) adopting the Pilot Program Regarding Case Management Techniques for Complex Civil Cases (Standing Order M10-468 dated October 31, 2011; Case No. 11 Misc 00388). Counsel for the Parties met telephonically on May 24, 2012 and, as a result of the meeting, report on the Pilot Program "Topics" as follows:

    **A.**    **Possible Limitations on Document Preservation (including electronically stored information):**

The Parties anticipate electronic discovery and will cooperate in good faith to develop a protocol to facilitate any such electronic discovery.

        **1.**    **Plaintiff's Position**

Plaintiff is concerned that the documentation provided by Defendant HSBC to date appears to be incomplete and inconsistent. Plaintiff is also concerned by Defendant Assurant's

continued adherence to its policy of deleting e-mails in light of the informational gaps already evident in the documents produced. Plaintiff seeks confirmation that all e-mail relevant to the claims of Plaintiff and the putative class members are being properly preserved.

### 2. Defendants' Position

Defendants do not anticipate any significant document preservation issues. HSBC has preserved documents relating to Plaintiff and has instituted a Litigation Hold to preserve documents and information that could be relevant to the issues reasonably evident in Plaintiff's Complaint, provided however, that certain materials may no longer be available pursuant to HSBC's retention policies. Assurant, Inc. and Tracksure Insurance Agency, Inc. (together, "Assurant") have instituted a Litigation Hold on potentially relevant documents and information pursuant to Assurant's Records and Information Management Policy, Records Retention Schedule and Retention Hold Policy; provided however, Assurant's Email Management Procedures include a 45-day email automatic retention and then delete system.[1] Pursuant to Assurant's Litigation Hold procedures, relevant custodians are directed to retain potentially relevant emails that currently exist in a separate storage medium available for later inspection and copying.

With respect to Plaintiff's suggestion herein that documentation informally provided by HSBC somehow is "incomplete and inconsistent," HSBC believes that Plaintiff should be prepared to explain at the Conference. HSBC will bring copies of the documentation to the Conference, should the Court wish to examine it. On its face, the documentation is clear and demonstrates that Plaintiff has no claim against Defendants because he did not, in fact, suffer any harm from the procurement of insurance on his mortgage loan. All premium amounts were refunded to Plaintiff.

---

[1] Assurant's email management procedures are consistent with "Policy 1" (short-default retention coupled with user determinations to avoid deletions) described in detail in THE SEDONA CONFERENCE *Commentary on Email Management: Guidelines for the Selection of Retention Policy*, Vol. 8 The Sedona Conference Journal 239, 249 (Fall 2007).

**B.     Appropriateness of Initial Disclosures Pursuant to Rule 26(a)(1) and Possibility of a Stay or Limitation of Discovery Pending a Dispositive Motion:**

### 1.     Plaintiff's Position

Plaintiffs have reviewed the documentation provided by Defendants regarding Plaintiffs' mortgage account and have found the information to be incomplete and inconsistent with other documentation sent to Plaintiff by Defendant HSBC.  The limited documentation provided does not demonstrate that Plaintiff suffered no damages as a result of the improper cancellation of his homeowner's insurance policy and imposition of force placed insurance.  In light of the Defendants' stated intention to use the limited documentation produced to Plaintiff and additional witnesses in connection with their motions to dismiss, it would be prejudicial to Plaintiff to defer the initial disclosure requirements of Rule 26(a)(1) and/or to stay or limit discovery.  Proceeding with discovery will cause no undue burden upon Defendants, Assurant has recently participated in hearings conducted by New York regulatory authorities regarding the issue of forced placed insurance.  Statements made by Department of Financial Services Superintendent Benjamin Lawsky at the hearings would indicate Defendants have already provided substantial data to regulators in connection with their investigation.  Such data is relevant to the claims asserted herein.

### 2.     Defendants' Positions

As noted above, Defendants have provided documentation in their possession regarding Plaintiff's alleged damages to Plaintiff's counsel.  Defendants believe the documentation conclusively demonstrates that Plaintiff has not suffered any Article III injury and, as a result, intend to file motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).  HSBC is prepared to produce a witness on the issue of Plaintiff's standing within 30 days of the submission of this Report.  Pending a ruling on its motion, HSBC contends that all other issues, and discovery, should be deferred.

In addition, Assurant intends to file a motion to transfer this proceeding to the United States District Court for the Northern District of Georgia, Atlanta Division, where Plaintiff's

bankruptcy proceeding is pending; *In re Maxwell*, No. 10-79479 (Bankr. N.D. Ga. filed July 3, 2010). HSBC neither objects to nor joins in Assurant's motion to transfer.

Defendants propose that Initial Disclosures pursuant to Rule 26(a)(1) be deferred until after the Court has ruled on the motions.

> **C.    Possibility of Communication/Coordination Between the Magistrate Judge and District Judge With Respect to Pretrial Matters:**

The Parties are open to any cooperation between the Magistrate Judge and the Court as may be established by the Court, provided however, that the Defendants believe all substantive issues must be decided by the District Court Judge.

> **D.    Preliminary Issues That Are Likely to Arise That Will Require Court Intervention:**
>
>    **1.    Plaintiff's Position**

Plaintiff sees no reason why Defendant HSBC's motion to dismiss should be limited to the issue of standing and proposes that HSBC be required to include every basis which it believes supports the dismissal of the complaint. Should HSBC be allowed to proceed with its motion to dismiss solely on the grounds of standing, it should then be precluded from making any further motions to dismiss on other grounds should its standing motion be denied.

Plaintiff believes Defendant Assurant's motion to transfer is entirely without merit as this putative class action regarding Defendants' conduct is properly within this Court's jurisdiction and is unrelated to Plaintiff's bankruptcy action. All conduct complained of herein post dates the filing of Plaintiff's bankruptcy petition and the Northern District of Georgia Bankruptcy Court has no jurisdiction over these claims.

>    **2.    Defendants' Positions**

As indicated above, HSBC intends to file a motion to dismiss under Rule 12(b)(1) on the threshold issue of standing. HSBC proposes that this issue be litigated first, and all others deferred. Further, there is no basis upon which Plaintiff can demand that HSBC raise "every"

4

ground for dismissal in an initial motion. This is not required by law, including the Federal Rules of Civil Procedure.

Assurant intends to accompany its motion to dismiss for lack of subject matter jurisdiction with a motion to transfer this proceeding to the Northern District of Georgia, and believes the motion to transfer should be resolved before any other matters.

### E. Discovery Issues That Are Envisioned and How Discovery Disputes Will Be Resolved:

The Parties will cooperate to avoid discovery disputes, but should they arise they believe these disputes, if any, should be submitted to the Magistrate Judge for resolution.

### F. Proposed Discovery:

#### 1. Plaintiff's Position

Plaintiff proposes that there be no bifurcation of discovery between class action issues and merits issues. Discovery for both purposes will substantially overlap and any artificial distinction between the two will just cause unnecessary confusion and dispute.

#### 2. Defendants' Position

In the event the Court denies Defendants' motions under Rule 12(b)(1), Defendants propose that there be a bifurcation of discovery between class action issues and merits issues. Defendants' proposed schedule on all discovery deadlines appears in the Schedule and Discovery Plan detailed below.

### G. Proposed Schedules:

The Parties were unable to agree on a proposed Schedule and hereby submit their respective proposed Schedules and Discovery Plans as follows:

#### 1. Plaintiff's Proposed Schedule, Including Discovery Plan

Plaintiff requests that the Court enter a Scheduling Order establishing the following case deadlines:

5

| Event | Proposed Deadline |
|---|---|
| Defendants' Motions to Dismiss | July 20, 2012 |
| Plaintiff's Response to Motions to Dismiss and Defendant's Replies | As provided in Local Civil Rule 6.1(b) |
| Initial Disclosures | June 22, 2012 |
| Amend Pleadings or Add Additional Parties Cutoff | October 11, 2012 |
| All Parties' Expert Reports and Disclosures on Class Certification Issues | 30 days after the Discovery Cutoff |
| Parties Select Mediator | December 3, 2012 |
| Mediation Deadline | January 18, 2013 |
| All Parties Rebuttal Expert Reports and Disclosures on Class Certification Issues | 60 days after the Discovery Cutoff |
| Completion of Expert Discovery | 90 days after the Discovery Cutoff |
| Plaintiff's Motion for Class Certification | 90 days after the Discovery Cutoff |
| Defendants' Opposition to Motion for Class Certification | 120 days after the Discovery Cutoff |
| Plaintiff's Reply In Support of Motion for Class Certification | 150 days after the Discovery Cutoff |
| Case Management Conference following determination of class certification to determine if any changes need to be made to the remaining scheduled deadlines in light of the Court's class certification ruling | To be scheduled by the Court upon entry of the Order on Plaintiff's Motion for Class Certification |
| Expert Report(s) of the party bearing the burden of proof on the issue on the merits to which any such report relates | 60 days after entry of the Order on Plaintiff's Motion for Class Certification |
| Rebuttal Reports from either party on the merits | 120 days after entry of the Order on Plaintiff's Motion for Class Certification |
| Discovery Cutoff | May 24, 2013 |

6

| Event | Proposed Deadline |
|---|---|
| Dispositive Motions | July 26, 2013 |
| Joint Final Pretrial Conference Statement (including witness and exhibit lists and deposition designations) | To be set by the Court |
| Motions *in limine* and other pre-trial motions, objections to witness and exhibit lists, and deposition designations | To be set by the Court |
| Trial Briefs | To be set by the Court |
| Final Pretrial Conference | To be set by the Court |
| Jury Trial | To be set by the Court |

**2.    Defendants' Proposed Schedule, including Discovery Plan**

Defendants request the Court to enter a Scheduling Order establishing the following case deadlines:

| Event | Proposed Deadline |
|---|---|
| Defendants' Motions to Dismiss | If limited to standing:  June 22, 2012<br>If not limited to standing:  July 9, 2012 |
| Plaintiff's Response to Motions to Dismiss and Defendants' Replies | As provided in Local Civil Rule 6.1(b) |
| Initial Disclosures | Stayed until 30 days after the Order(s) on Defendants' Motions to Dismiss and/or Transfer |
| Amend Pleadings or Add Additional Parties Cutoff | September 10, 2012 |
| Plaintiff's Expert Reports and Disclosures on Class Certification Issues | 60 Days after the Certification Discovery Cutoff |
| Defendants' Expert Reports and Disclosures on Class Certification Issues | 60 Days after Plaintiff's Reports and Disclosures |
| Plaintiff's Rebuttal Expert Reports and Disclosures on Class Certification Issues | 30 Days after Defendants' Reports and Disclosures |

7

| Event | Proposed Deadline |
|---|---|
| Class Certification Discovery Cutoff | January 14, 2013 |
| Plaintiff's Motion for Class Certification | February 18, 2013 |
| Defendants' Opposition to Motion for Class Certification | March 18, 2013 |
| Plaintiff's Reply In Support of Motion for Class Certification | April 8, 2013 |
| Case Management Conference following determination of class certification to determine if any changes need to be made to the remaining scheduled deadlines in light of the Court's class certification ruling | To be scheduled by the Court upon entry of the Order on Plaintiff's Motion for Class Certification |
| Merits Discovery Commences | Upon entry of the Order on Plaintiff's Motion for Class Certification |
| Plaintiff's Expert Reports and Disclosures on Merits Issues | 60 days after entry of the Order on Plaintiff's Motion for Class Certification |
| Defendants' Expert Reports and Disclosures on Merits Issues | 120 days after entry of the Order on Plaintiff's Motion for Class Certification |
| Plaintiff's Rebuttal Expert Reports and Disclosures on Merits Issues | 150 days after entry of the Order on Plaintiff's Motion for Class Certification |
| Completion of Expert Depositions on Merits Issues | 180 days after entry of the Order on Plaintiff's Motion for Class Certification |
| Merits Discovery Cutoff | 210 days after entry of the Order on Plaintiff's Motion for Class Certification |
| Dispositive Motions | 240 days after entry of the Order on Plaintiff's Motion for Class Certification |
| Other Motions (other than Motions *in limine*) | 240 days after entry of the Order on Plaintiff's Motion for Class Certification |
| Mediation to be Completed By | October 15, 2013 |
| Joint Final Pretrial Conference Statement (including witness and exhibit lists and deposition designations) | To be set by the Court |

LA 51545201

| Event | Proposed Deadline |
|---|---|
| Motions *in limine* and other objections to witness and exhibit lists and deposition designations | To be set by the Court |
| Trial Briefs | To be set by the Court |
| Final Pretrial Conference | To be set by the Court |
| Jury Trial | To be set by the Court |

H.  **Issues to be Tried:**

1.  **Plaintiff's Position**

Defendant HSBC wrongfully cancelled this Plaintiff's homeowner's insurance policy and then imposed a new policy at exorbitant rates with the affiliated insurance company, Defendant Assurant for Defendants' mutual financial benefit.  Plaintiff sustained damages as a result of Defendants' unauthorized and impermissible cancellation of his homeowner's insurance policy and the imposition of force placed lender's insurance at exorbitant rates.  Defendants do not dispute that Plaintiff never allowed his homeowner's insurance policy to lapse.  The issues to be tried will include, but not limited to: (a) whether HSBC breached its standard residential mortgage agreements by charging its residential borrowers amounts for force placed insurance procured from Assurant and/or its subsidiaries, a portion of which were returned, transferred or paid to HSBC and/or to related entities; (b) whether HSBC breached the implied covenant of good faith and fair dealing by charging its residential borrowers amounts for force placed insurance procured from Assurant and/or its subsidiaries, a portion of which were returned, transferred or paid to HSBC and/or to related entities; (c) whether HSBC, Assurant, and Tracksure were unjustly enriched by charging residential borrowers amounts for force placed insurance procured from Assurant and/or its subsidiaries, a portion of which were returned, transferred or paid to HSBC or to its related entities; (d) whether HSBC intentionally or negligently made material misrepresentations and omissions to Plaintiff and members of the putative classes regarding its procurement of force placed insurance policies from Assurant

and/or its subsidiaries; (e) whether HSBC breached its fiduciary duties to its borrowers in its use of escrow account funds to pay premiums for exorbitantly priced force placed insurance policies procured from Assurant and/or its subsidiaries, a portion of which were returned, transferred or paid to HSBC and/or to related entities; and (f) whether the provision in HSBC's standard residential mortgage agreements authorizing HSBC to charge borrowers for the "cost" of obtaining force placed insurance is procedurally and substantively unconscionable because it does not authorize nor contemplate that HSBC and/or its related entities would derive a hidden financial benefit by procuring force placed insurance from Assurant and/or its subsidiaries, and where a portion of the amounts charged to residential borrowers' accounts are returned, transferred or paid to HSBC and/or related entities.

### 2. Defendants' Position

Defendants assert that any inadvertent and temporary charges to Plaintiff's mortgage escrow account relating to insurance coverage in favor of HSBC were corrected and removed from Plaintiff's escrow account long before this litigation was filed, and as a result Plaintiff has suffered no injury or damage. Defendants further contend that the premium charged for the subject insurance coverage was filed with Georgia's Office of Insurance and Fire Safety Commissioner and the rate was not objected to. While it is premature to establish a definitive list of issues to be tried at this early stage, issues to be tried will include: (a) whether Plaintiff was harmed in any way by the alleged insurance placement; (b) whether Plaintiff is procedurally barred from challenging the subject insurance premium pursuant to the "filed rate doctrine" and because he failed to exhaust an available administrative remedy; (c) whether Plaintiff agreed in his security instrument to maintain continuous acceptable insurance coverage at all times on the improvements to his residence and authorized HSBC to purchase such coverage if Plaintiff failed to do so, and whether Plaintiff allowed such coverage to lapse; and (d) the effect of Plaintiff's bankruptcy proceedings on the claims advanced in this action.

Defendants do not believe there are any issues as to which a mini-trial would be helpful.

I. **Bifurcation:**

1. **Plaintiff's Position**

Plaintiff proposes that class certification and merits discovery proceed concurrently as there will be significant overlap between discovery relevant to both issues. The deadlines in Plaintiff's proposed schedule as listed above reflect no bifurcation of discovery.

2. **Defendants' Position**

Defendants propose that there be a bifurcation of discovery between class action issues and merits issues. Defendants' proposed Schedule and Discovery Plan deadlines relating to that bifurcation appears above.

J. **Class Certification Issues:**

1. **Plaintiff's Position**

Plaintiff's claims satisfy all the requirements for certification under Fed. R. Civ. P. 23. Plaintiff believes there are hundreds if not thousands of putative class members who have been subjected to the common course of conduct of Defendants HSBC and Assurant in imposing force placed insurance policies at exorbitant rates and that common issues will predominate. The belated refund of the premiums charges for the improper lender placed insurance policy did not fully compensate Plaintiff for all damages incurred by the Defendants' conduct, including, but not limited to, late fees, interest charges, increases in insurance premiums, increases in escrow payments, and other lender imposed fees. Such damages are not unique to this Plaintiff. According to New York's Department of Financial Services Superintendent Benjamin Lawsky, force-placed insurance premiums have more than tripled to $5.5 billion in 2010 from $1.5 billion six years earlier.

2. **Defendants' Position**

Defendants believe that Plaintiff suffered no damages as a result of lender-placed coverage because all premiums disbursed for lender-placed coverage were refunded to Plaintiff's escrow account. Accordingly, Plaintiff's facts will be unique. Resolution of Plaintiff's substantive claims, including, but not limited to, his reliance on the reasonable expectations of

11

the parties and the equities, would require a subjective state of mind determination for each putative class member – thereby precluding resolution of this dispute in a class format.

### K. ADR/Mediation:

The Parties' proposed dates for Mediation are provided in their respective proposed Schedules above.

### L. Possibility of Consent to Trial Before a Magistrate Judge:

The Parties agree to refer discovery matters to the Magistrate Judge, but request that trial be conducted by the District Court Judge.

### M. Pleadings, including Sufficiency and Amendments, and the Likelihood and Timing of Amendments:

Some amendments to the pleadings may be necessary depending on the nature of motions or defenses raised in this case. The Parties' proposals on the dates for amendments to the pleadings are provided in their respective proposed Schedules above.

### N. Joinder of Additional Parties, and the Likelihood and Timing of Joinder of Additional Parties:

#### 1. Plaintiff's Position

Plaintiff agrees that all changes or additions in Parties should coincide with the deadline for amendments to the pleadings.

#### 2. Defendants' Position

Defendants believe that all changes or additions in Parties should coincide with the deadline for amendments to the pleadings.

### O. Expert Witnesses (including necessity or waiver of expert depositions):

#### 1. Plaintiff's Position

Plaintiff reserves the option of offering experts to support their positions in both the class certification and merits phases of this litigation, and Defendants' proposals for service of Expert Reports and Disclosures required by the Rules, and expert deposition deadlines, appear in the proposed Schedule above.

### 2. Defendants' Position

Defendants reserve the option of offering experts to support their positions in both the class certification and merits phases of this litigation, and Defendants' proposals for service of Expert Reports and Disclosures required by the Rules, and expert deposition deadlines, appear in the proposed Schedule above.

### P. Damages (computation issues and timing of damages discovery):

#### 1. Plaintiff's Position

Plaintiff does not believe that Defendants have provided all documentation in their possession regarding Plaintiff's damages and notes that, in correspondence accompanying the production of such documentation, counsel for HSBC indicated that only partial account information was available for the period in question. Plaintiffs believe expert testimony may be required for the computation of damages.

#### 2. Defendants' Position

Defendants have provided existing documentation in their possession regarding Plaintiff's alleged damages to Plaintiff's counsel. Defendants believe the documentation conclusively demonstrate that Plaintiff has not incurred any injury or damages proximately caused by the facts alleged in the Complaint. Defendants' proposals' for discovery on both certification and merits issues, including damages, appear in the proposed Schedule above.

### Q. Final Pretrial Order (including possibility of waiver of order):

The Parties agree that the Court may waive the Final Pretrial Order or adopt such other procedures as the Court may determine appropriate to facilitate the preparation for the trial of this matter.

### R. Possible Trial Ready Date:

The Parties estimate they could be ready to try this case by November 15, 2013.

LA 51545201

**S.   Court Logistics and Mechanics (e.g., communication with the court, streamlined motion practice, pre-motion conferences, etc.):**

The Parties believe that the Court's Individual Practices in Civil Cases revised as of March 29, 2012 provide all necessary logistical information.

**T.   The Need for Additional Meet and Confer Sessions, to Continue to Discuss Issues Raised at the Initial Conference Among Counsel:**

The Parties have indicated their respective proposals for additional pretrial Conferences in the proposed Schedules above.

Respectfully Submitted,

By: */s/ Frank Burt*

By: */s/ Lisa M. Simonetti*                    By: */s/ Jeanne D'Esposito*

| | |
|---|---|
| Frank Burt (p*ro hac vice*)<br>fgb@jordenusa.com<br>**JORDEN BURT LLP**<br>1025 Thomas Jefferson St, N.W.<br>Suite 400 East<br>Washington, DC 20007-0805<br>Telephone:  (202) 965-8140<br>Facsimile:  (202) 965-8104 | Jeanne D'Esposito<br>jdesposito@lowey.com<br>Barbara J. Hart<br>bhart@lowey.com<br>**LOWEY DANNENBERG COHEN & HART, P.C.**<br>One North Broadway<br>Suite 509<br>White Plains, NY 10601<br>Telephone:  (914) 997-0500<br>Facsimile:  (914) 997-0035 |
| Andrew T. Solomon<br>asolomon@sandw.com<br>**SULLIVAN WORCESTER LLP**<br>1290 Avenue of the Americas<br>New York, NY 10104<br>Telephone:  (212) 660-3023<br>Facsimile:  (212) 660-3001<br><br>*Attorneys for Defendants Assurant, Inc. and Tracksure Insurance Agency, Inc.* | Norah Hart<br>nhart@treulaw.com<br>**TREUHAFT & ZAKARIN, LLP**<br>305 Broadway, 14th Floor<br>New York, NY 10007<br>Telephone:  (212) 725-6418<br>Facsimile:  (646) 924-0554<br><br>*Attorneys for Plaintiff Christopher Maxwell* |

LA 51545201


Joseph E. Strauss
jstrauss@stroock.com
**STROOCK & STROOCK & LAVAN LLP**
180 Maiden Lane
New York, NY 10038-4982
Telephone: (212) 806-5497
Facsimile: (212) 806-1297

Julia B. Strickland (*pro hac vice*)
jstrickland@stroock.com
Lisa M. Simonetti (*pro hac vice*)
lsimonetti@stroock.com
**STROOCK & STROOCK & LAVAN LLP**
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: (310) 556-5800
Facsimile: (310) 556-5959

Mark G. Peters
mpeters@edwardswildman.com
Patrick Gennardo
pgennardo@edwardswildman.com
Greg Hoffnagle
ghoffnagle@edwardswildman.com
Aubrey Ruta (*pro hac admission pending*)
aruta@edwardswildman.com
**EDWARDS WILDMAN PALMER LLP**
750 Lexington Avenue
New York, NY 10022
Telephone: (212) 308-4411
Facsimile: (212) 308-4844

*Attorneys for Defendant HSBC Mortgage Corporation (USA)*