UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                            :
CHRISTOPHER MAXWELL, on behalf of himself                   :
and all others similarly situated,                          :
                                                            :   **CIVIL ACTION NO.**
                    Plaintiff,                              :   **1:12-CV-01699-AJN**
                                                            :
        v.                                                  :
                                                            :
HSBC MORTGAGE CORPORATION (USA),                            :
ASSURANT, INC. and TRACKSURE                                :
INSURANCE AGENCY, INC.,                                     :
                                                            :
                    Defendants.                             :
                                                            :
------------------------------------------------------------X

## DECLARATION OF JENNIFER SIMMONS IN SUPPORT OF DEFENDANT HSBC MORTGAGE CORPORATION (USA)'S MOTION TO DISMISS THE COMPLAINT

I, Jennifer Simmons, hereby declare and state as follows:

1. I am the Unit Manager in the Customer Service Research Department at HSBC Bank USA, N.A. HSBC Bank USA, N.A. is the parent of defendant HSBC Mortgage Corporation (USA) ("HSBC"). In connection with my employment, I have become, and am, familiar with all relevant aspects of the residential mortgage loans made by HSBC, including borrowers' payment histories and escrow accounts. My responsibilities include overseeing a team of seven individuals that address customer service inquiries including conducting investigations into account payment histories and credit disputes. I am familiar with, and I have access to, HSBC's business records regarding customers' escrow accounts. The facts set forth herein are of my own personal knowledge and/or are based upon my review of HSBC's business records that are maintained in the regular course of HSBC's business. If called as a witness, I could and would competently testify thereto.

LA 51557704

2.      On November 27, 2001, Christopher Maxwell ("Maxwell") executed a security deed with Unity Mortgage Corp. as the lender (the "Security Deed"). The Security Deed is secured by the property located at 744 Piedmont Avenue #6, Atlanta, Georgia 30308 (the "Property"). Attached as Exhibit A is a true and correct copy of the Security Deed.

3.      On December 6, 2001, the Security Deed was transferred to HSBC. Since December 2001, HSBC has serviced and continues to service Maxwell's mortgage loan.

4.      From 2001 through March 2009, HSBC's records show Maxwell regularly made payments to his escrow account and HSBC made payments from Maxwell's escrow account for property taxes on the Property as well as premiums for Maxwell's hazard insurance for the Property.

5.      On March 18, 2009, Maxwell made his last escrow payment in the amount of $546.11. As of March 18, 2009, Maxwell's escrow account balance was $3,276.74.

6.      Between March 2009 and November 2009, HSBC's records show it continued to make disbursements from Maxwell's escrow account to make payments for, among other things, property taxes on the Property, sanitation fees and premiums for Maxwell's hazard insurance for the Property. In November 2009, a payment for city taxes on the Property caused Maxwell's escrow account to be overdrawn.

7.      Between November 2009 and July 2010, HSBC advanced funds to Maxwell's escrow account in order to make payments for, among other things, property taxes on and premiums for Maxwell's hazard insurance for the Property. By July 2010, HSBC had advanced $3,074.86 to Maxwell's escrow account.

8.      In July 2010, HSBC procured lender placed insurance ("LPI") for the Property.

9.      From August 2010 through April 2011, a total of nine disbursements equaling $3,465.00 were made from Maxwell's escrow account for premiums for the LPI. One disbursement in the amount of $693.00 was made in August 2010 and the other eight disbursements in the amount of $346.50 were made in September 2010 through April 2011. From August 2010 through April 2011, Maxwell did not contribute any funds to his escrow

account. As such, all funds paid for LPI came from moneys advanced by HSBC and not from any funds paid to the escrow account by Maxwell.

10. On May 11, 2011, after determining that Maxwell had his own hazard insurance coverage, HSBC credited Maxwell's escrow account $3,465.00 for the LPI policy premiums disbursed from his escrow account. The credit decreased Maxwell's overdrawn escrow account from $11,644.12 to $8,179.12. The remaining overdrawn balance on Maxwell's escrow account did not include any disbursements related to the LPI.

11. A true and correct copy of the relevant records documenting the above payment history is attached hereto as Exhibit B.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of July, 2012, at Depew, New York.

_____
Jennifer Simmons

3