UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
:
CHRISTOPHER MAXWELL, on behalf of himself : **ECF Case**
and all others similarly situated, :
: **Case No. 12 CIV 1699**
Plaintiff, :
:
v. :
:
HSBC MORTGAGE CORPORATION (USA), :
ASSURANT, INC. and TRACKSURE :
INSURANCE AGENCY, INC., :
:
Defendants. :
:
------------------------------------- x

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO THE MOTION DISMISS THE COMPLAINT
BY DEFENDANTS ASSURANT AND TRACKSURE**

# TABLE OF CONTENTS

I. SUMMARY OF ARGUMENT ....................................................................................1

II FACTUAL AND PROCEDURAL BACKGROUND..........................................................1

III. STANDARD OF REVIEW .....................................................................................3

   A. F.R.C.P. 12(B)(1)..................................................................................................3

   B. F.R.C.P. 12(B)(6)..................................................................................................4

IV.   ARGUMENT ..........................................................................................................5

   A. PLAINTIFF'S INJURIES ARE MANIFOLD ..................................................................5

   B. PLAINTIFF HAS ARTICLE III STANDING WHERE INJURIES ARE TANGIBLE AND CAUSED BY DEFENDANT. ....................................................................................................7

   C. THERE IS NO LEGAL CONTRACT THAT WOULD PRECLUDE A CLAIM OF UNJUST ENRICHMENT. .......8

   D. MOVANT-DEFENDANTS WERE ENRICHED BY THE INPOSITION OF FORCE PLACED INSURANCE .....10

IV. CONCLUSION......................................................................................................11

# TABLE OF AUTHORITIES

<u>Cases</u>

*Allen v. Wright,*
    468 U.S. 737, 751 (1984) ........................................................................................................ 8

*Alliance for Environmental Renewal, Inc. v. Pyramid Crossgates Co.,*
    436 F.3d 82, at 88 (2d Cir. 2006) ........................................................................................... 8

*Arar v. Ashcroft,*
    532 F.3d 57, 168 (2d Cir. 2008) ............................................................................................. 6

*Ashcroft v. Iqbal,*
    U.S., 129 S.Ct. 1937 at 1949 (2009) ...................................................................................... 6

*Atlantic Mutual Ins. Co. v. Balfour MacLaine Int'l Ltd.,*
    968 F.2d 196 (2d Cir. 1992) ................................................................................................... 5

*Aurecchione v. Schoolman Transp. Sys.,* Inc.,
    426 F.3d 635, 638 (2d Cir. 2005). .......................................................................................... 5

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544, 570 (2007) ....................................................................................................... 6

*Brown Bros. Elec. Contractors, Inc. v. Beam Constr. Corp.,*
    41 N.Y.2d 397, 399 (1977) ................................................................................................... 10

*Cruz v. Beto,*
    405 U.S. 319, 322 (1972) ....................................................................................................... 5

*Deutsche Asset Mgmt. v. Callaghan,*
    2004 U.S. Dist. LEXIS 5945 (S.D.N.Y. 2004) .................................................................... 10

*Geisler v. Petrocelli,*
    616 F.2d 636, 639 (2d Cir. 1980) .......................................................................................... 5

*Luckett v. Bure,*
    290 F.3d 493, 496-97 (2d Cir. 2002) ..................................................................................... 5

*Lumhoo v. Home Depot USA, Inc.,*
    229 F. Supp.2d 121, 161 (E.D.N.Y. 2002) .......................................................................... 10

*Norton v. Larney,*
    266 U.S. 511, 515, (1925) ...................................................................................................... 5

*Precision Testing Labs., Ltd. v. Kenyon Corp. of Am.,*
    644 F. Supp. 1327, 1343 (S.D.N.Y. 1986) .......................................................................... 10

*Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn,*

  373 U.S. 746, 754 (1963) ............................................................................................. 6

*Scheuer v. Rhodes,*
  416 U.S. 232, 236 (1974) ............................................................................................. 5

*Spence v. Senkowski,*
  1997 U.S. Dist. LEXIS 10111 (N.D.N.Y.1997) .......................................................... 5

<u>Statutes</u>

§12 USC 2605(e). ....................................................................................................................... 9

<u>Rules</u>

Fed. R. Civ. P. Rule 12(b)(1) ............................................................................................. 3, 5, 10

Fed. R. Civ. P. Rule 12(b)(6) ................................................................................................. 3, 11

Restatement (Second) of Contracts §§ 24, 50, 71 (1981) ........................................................... 10

## I. SUMMARY OF ARGUMENT

Defendants Assurant and Tracksure do not dispute that Plaintiff's existing Allstate homeowner's insurance policy was improperly canceled by his lender and force placed insurance was then imposed. Defendants' argument that Plaintiff suffered no economic damages as a result of this conduct is entirely without merit. Although Defendants assert that all premiums charged were eventually credited to Plaintiff's escrow account at Defendant HSBC Mortgage Corp., Assurant and Tracksure cannot negate Plaintiff's allegations that he incurred additional damages directly attributable to Defendants' conduct, including but not limited to: the imposition of interest charges, late fees, other lender servicing fees, an increase in the premiums of his Allstate policy, and his personal payment of Allstate premiums for the nearly year-long period during which HSBC refused to pay such premiums from funds paid by Plaintiff into his escrow account at HSBC and available for payment by HSBC of the Allstate policy. *See* Complaint ¶¶ 30, 32, 61, 69, 89.

The Defendants Assurant Inc.'s ("Assurant") and Tracksure Insurance Agency Inc.'s ("Tracksure") ("Movant-Defendants") Motion To Dismiss the Complaint is premised upon their allegations of facts that are either unsupported or in dispute. Substantial discovery is needed to resolve the many questions of fact that are not subject to determination by motion to dismiss, such as: 1) the extent of the Plaintiff's damages; 2) the identity of the Assurant subsidiary that issued the force-placed insurance; 3) whether the Plaintiff was a party to the force-placed insurance policy that was issued on his property; 4) the role of Assurant in the conduct of its subsidiaries in issuing force placed insurance; 5) the role of Assurant in setting the rates on force-placed insurance and the veracity of data submitted to state authorities in setting such

rates; and 6) whether and how Assurant shares in the profits from force placed insurance issued by its wholly owned subsidiaries in conjunction with co-Defendant HSBC Mortgage Corporation (USA) ("HSBC")..

These outstanding questions of fact preclude a determination at this stage that Assurant and Tracksure are not properly named as defendants and their motion to dismiss this putative class action pursuant to Fed. R. Civ. P. Rule 12(b)(1) and 12(b)(6)should therefore be denied.[1]

## II. FACTUAL AND PROCEDURAL BACKGROUND OF THE CASE

As detailed in his March 7, 2012 Complaint, the Plaintiff alleges that Defendants engage in a scheme to impose force placed insurance policies on himself and other HSBC borrowers throughout the United States while charging exorbitantly excessive premiums for such insurance. The Complaint further alleges that Defendant Assurant and its wholly owned subsidiaries return a portion of those premiums to Defendant HSBC. In their motion to dismiss Defendants Assurant and Tracksure do not dispute that Plaintiff's existing homeowner's insurance policy from Allstate was improperly cancelled by his lender, defendant HSBC and thereafter HSBC imposed a force-placed insurance policy through an Assurant subsidiary and charged to Plaintiff a premium that was almost three times more than his Allstate Premiums.

The Plaintiff alleges that HSBC overcharges its borrowers for force-placed insurance policies—in some cases, as here,cancelling the borrower's own homeowner's policy only to replace it with an overpriced policy issued by a related entity. Complaint ¶¶ 2, 10, 11, 12, 32. Assurant was ordered to submit a proposed rate structure by July 24, 2012, in order to "justify"

---

[1] A separate Motion To Dismiss was filed on July 11, 2012 by Defendant HSBC Mortgage Corporation (USA) ("HSBC"), Plaintiff's Opposition to which is due on August 10, 2012.

{2488 / BRF / 00113870.DOCX v1}

its rates in New York after an investigation by the New York State Department of Financial Services determined that insurer's actual loss ratios (i.e., the percentage of premiums paid on claims) have been far below the predicted loss ratios that insurers report to the Department in their application for approval of insurance rates, and have been so for at least the past ten years. D'Esposito Aff. ¶5.

### 2. Parties

The proper identity of the Assurant subsidiary that issued the force-placed insurance is still in dispute. Assurant and Tracksure claim that neither of them issued the force-placed insurance policy at issue and have provided declarations to this effect. See Declaration of Ronald K. Wilson ("Wilson Decl.") ¶¶8, 9, and 11. Plaintiff was told in a phone call to HSBC that the policy was obtained from "Tracksure". Complaint ¶ 39. Movant-Defendants assert the insurer was Voyager Indemnity ("Voyager"). Wilson Decl. ¶8, 9, 11.  As explained in more detail below, and by Assurant's own admission HSBC Mortgage, Voyager, and another entity by the same of Assurant Specialty Property, acted interchangeably with respect to the monitoring of borrower hazard insurance and the imposition of force placed insurance policies and often used different "trade names" in their dealings with borrowers. *See* Wilson Decl. ¶¶11, 13, Declaration of Jessica M. Olich ("Olich Decl.") ¶ 6. Therefore discovery will be necessary to determine which entities were ultimately responsible for the conduct named herein.

## III . Standard Of Review

### A.. F.R.C.P. 12(b)(1)

In deciding a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Court must "accept as true all material factual allegations in the

complaint[.]"*Atlantic Mutual Ins. Co. v. Balfour MacLaine Int'l Ltd.*, 968 F.2d 196 (2d Cir. 1992) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) and *Norton v. Larney*, 266 U.S. 511, 515, (1925)). "In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that [jurisdiction] exists." *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002); see also *Aurecchione v. Schoolman Transp. Sys.*, Inc., 426 F.3d 635, 638 (2d Cir. 2005).

### B.     F.R.C.P. 12(b)(6)

On a motion to dismiss for failure to state a claim, the allegations of the complaint must be accepted as true. See *Cruz v. Beto*, 405 U.S. 319, 322 (1972). The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, and matters to which the court may take judicial notice." *Spence v. Senkowski*, 1997 U.S. Dist. LEXIS 10111 (N.D.N.Y.1997). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. See*Retail Clerks Intern.Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 (1963);seealso*Arar v. Ashcroft*, 532 F.3d 57, 168 (2d Cir. 2008). A Rule 12(b)(6) motion may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, U.S., 129 S.Ct. 1937 at 1949 (2009).

## IV. ARGUMENT

### A. Plaintiff's Injuries Are Manifold

Defendants Assurant and Tracksure (hereinafter "Movant-Defendants") do not dispute that Plaintiff's homeowner's insurance policy was canceled by his lender and force placed insurance ("FPI") issued by a subsidiary of Assurant was then placed on the property. Movants' assertion that Plaintiff has not sustained any injury as a result of the improper cancellation of his Allstate insurance policy and the imposition of lender placed policy at exorbitant rates is without merit. Although Movants assert that all premiums charged were eventually credited to Plaintiff's escrow account with HSBC (Wilson Decl. ¶¶ 12, 13), Plaintiff alleges that he incurred additional damages directly attributable to Defendants' conduct. E.g. Plaintiff's annual premium for homeowner's insurance with Allstate increased 11%, from $1,092.00, before the improper cancellation, to $1,216.00. Complaint ¶ 32. Plaintiff personally reimbursed Allstate for the $275.00 refund of premiums returned to HSBC and now owed to Allstate for the remainder of the reinstated policy period, Complaint ¶ 30. Plaintiff also personally paid premiums directly to Allstate from December 2010 through September 2011 while HSBC refused to pay such premiums from funds paid by Plaintiff into his escrow account and available to HSBC for such payments. Complaint ¶ 30, 61, 69. Plaintiff sustained additional damages as a result of fees and costs on his loan, including interest charges, late fees and other service fees associated with the premiums charged to him over the course of 10 months. ¶¶ 59, 61. Assurant and Tracksure make no attempt to refute these claims of injury.

Instead, Assurant focuses on the premiums charged for Plaintiff for the FPI policy, which they claim to have been credited back to Plaintiff's escrow account. However, Assurant provides no documentation which confirms the refund of such premiums. Instead, Assurant

{2488 / BRF / 00113870.DOCX v1}

5

offers only the declaration of a witness whose testimony has not been subject to cross examination by Plaintiffs. *See* Declaration of Ronald K. Wilson dated May 10, 2012 ("Wilson Decl."). Because the annual escrow statements received by Plaintiff conflict with the information provided by Mr. Wilson, there is a disputed issue of fact as to whether there was a proper refund of all FPI premiums and, as such, dismissal is improper.

Furthermore, the other documents submitted by Assurant regarding the events at issue in this litigation do not appear to be proper business records and instead appear to have been generated on a piecemeal basis by Defendants in response to this suit. Moreover, the data contained therein is inconsistent with documentation provided to Plaintiff from HSBC and Allstate prior to suit and, in any event, do not support Assurant's argument that it is not the proper party. For example, Assurant claims that Exhibit A to the Wilson Declaration is a copy of a letter Voyager Indemnity Insurance received "on HSBC's behalf" from Allstate regarding the cancellation of Plaintiff's homeowner's policy. However, the letter does not contain Allstate's letterhead, is addressed to HSBC Mortgage Corporation, not Voyager, and bears the letterhead and address of Assurant Specialty Property. Given the conflicting information on the document about the identity of the parties receiving the information and acting on HSBC's behalf, there is no way to unravel who the real parties in interest are from this alleged "business record.". Exhibit B to Wilson's Declaration contains similar conflicting information. It is also important to note that Ex. B. to the Wilson Declaration, which is the letter from Allstate to HSBC reinstating the improperly cancelled homeowner's insurance policy, is dated November 12, 2010. Wilson admits that this letter was received by Voyager/Assurant Specialty/HSBC Mortgage (Wilson Decl. ¶ 13) but conveniently fails to offer any explanation as to why Voyager/Assurant Specialty/HSBC Mortgage did not reverse the FPI policy on Plaintiff's

account at that time. Instead Voyager/Assurant Specialty/HSBC Mortgage continued to charge Plaintiff monthly premium charges for FPI for several more months and allegedly did not reverse the imposition of the FPI policy until more than six months later. Wilson Decl. ¶ 13

### B. Plaintiff Has Article III Standing Where Injuries Are Tangible And Were Caused By Defendants.

Determined to ignore the late fees, interest charges, service fees and increased cost of the Plaintiff's reinstated insurance policy,(see Complaint ¶¶18, 19, 20, 30, 31, 32, 59, 61, 69, 89), Defendants challenge Plaintiff's "Article III standing" without having produced any evidence which even purports to contradict Plaintiffs' allegations of damages beyond the FPI premiums. Therefore there is no basis for Defendants suggestion that an "evidentiary hearing" is needed, like the one held in*Alliance for Environmental Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, at 88 (2d Cir. 2006), to ascertain whether the Plaintiff was injured "in fact" or whether any "causal connection" points to the Defendants. Def. Mot. The *Alliance* plaintiffs were environmental activists who were offended by the appearance of a creek that they allege was polluted by defendant's waste-water. The defendant shopping mall argued that— where the creek actually drained *away* from the site, and there were other sources of waste-water than the defendant's—no "traceable injury" had been alleged, *Id.* at 84. TheSecond Circuit Court of Appeals remanded the case for a hearing on the factual dispute, not on the merits of the claim but on whether Article III standing existed, i.e. whether the plaintiffs could be said to be injured by the creek's appearance and whether such injury was "fairly traceable" to the defendants.(Id. at 85 citing *Allen v. Wright*, 468 U.S. 737, 751 (1984). In marked contrast, here, the Plaintiff's material damages, as specifically detailed in section 1, are the logical consequences of Defendants' conduct. Because Defendants do not deny the underlying conduct alleged (of

improperly cancelling the Plaintiff's homeowner's insurance and imposing a FPI policy) no hearing is necessary to establish that sufficient indicia of injury and causation have been alleged. The Defendants' motion to dismiss for lack of standing should be denied.

### C. There Is No Legal Contract Between Plaintiff and Assurant or Tracksure That Would Preclude A Claim of Unjust Enrichment.

Movants argue that there is no basis under New York or Georgia law for an unjust enrichment claim where a contract governs the parties' relationship. Def. Mot. ¶ 8. Movants then claim that Plaintiff's mortgage contract with HSBC and HSBC's insurance policy with Voyager are the contracts that govern the matter at issue and provide Plaintiff with adequate remedies at law. Def. Mot. at 9. However, Assurant makes no claim that it, or any of its subsidiaries, has a contractual relationship with Plaintiff. Assurant/Voyager is not a party to Plaintiff's mortgage agreement with HSBC and Plaintiff is not a party to Assurant/Voyager's group REO policy with HSBC.[2] Thus Assurant has offered no evidence of a contractual relationship, written or otherwise, between the Plaintiff and the Movants that would preclude a claim for unjust enrichment. *See Kunzelmann v. Wells Fargo Bank N.A.*, No, 9:11-cv-81373-DMM, 2012 WL 2003337 (S.D. Fla. Jun. 4, 2012)(denying motion to dismiss unjust enrichment claim regarding force placed insurance)..

Under New York law, the required elements of contract formation are a) offer, b) acceptance, and c) consideration. *Deutsche Asset Mgmt. v. Callaghan*, 2004 U.S. Dist. LEXIS

---

[2] A copy of a group "REO" policy between Voyager and HSBC Corp. (a separate entity from Defendant HSBC Mortgage) was sent to Plaintiff's counsel by Defense counsel prior to the pending motions to dismiss. See D'Esposito Decl. ¶ 4. This document makes no reference to Plaintiff or his property as an insured. *Id.* Notably, Assurant fails to provide to the Court a copy of this document on its motion to dismiss and instead provides only the vague testimony of Mr. Wilson regarding an FPI policy that was alleged to have been issued on Plaintiff's property. *See* Wilson Decl. ¶ 9.

{2488 / BRF / 00113870.DOCX v1}

8

5945 (S.D.N.Y. 2004) (citing *Lumhoo v. Home Depot USA, Inc.*, 229 F. Supp.2d 121, 161 (E.D.N.Y. 2002)); see also Restatement (Second) of Contracts §§ 24, 50, 71 (1981). To determine whether a contract was formed, "the intent of the parties is of central importance." *Precision Testing Labs., Ltd. v. Kenyon Corp. of Am.*, 644 F. Supp. 1327, 1343 (S.D.N.Y. 1986). "In determining whether the parties entered into a contractual agreement ... it is necessary to look ... to the objective manifestations of the intent of the parties as gathered by their expressed words and deeds." *Brown Bros. Elec. Contractors, Inc. v. Beam Constr. Corp.*, 41 N.Y.2d 397, 399 (1977). .

Defendants offer no evidence that Plaintiff was offered a contract for insurance before it was forced on him unilaterally, or even was notified of it, much less accepted it. Plaintiff's intent could not be more clear—he maintained his own homeowner's policy at all times, and insisted that HSBC cancel the force-placed insurance as soon as he became aware of it. Indeed, Plaintiff was not provided with a copy of the insurance contract even after requesting same in the form of a written request sent on May 10, 2011 conforming with RESPA law §12 USC 2605(e). Complaint ¶ 40. Plaintiff not assent to the terms of any purported insurance contract, had no knowledge that the policy had been issued at the time, and had no need for it, having maintained a homeowner's insurance policy through Allstate since 2001 without interruption Complaint ¶¶5, 13, 18, 20 As such, there is no contract that precludes Plaintiff's unjust enrichment claim.

### D. Movant-Defendants Were Enriched By The Imposition of Force Placed Insurance on Plaintiff and Other Members of the Proposed Class

Assurant is the "holding company" for wholly Assurant subsidiaries like Voyager and Tracksure. Wilson Decl. ¶ 8. Voyager and Tracksure of wholly owned subsidiaries of Interfinancial Inc. (*see* Olich Decl." ¶ 7. Conveniently, the Olich Declaration fails to mention that Interfinancial Inc. is itself a wholly owned subsidiary of Defendant Assurant. *See* MDL No. 2388, Dkt. 97. As alleged in the Complaint, Assurant (through its affiliates) is a leading provider of force placed insurance in the United States. *See* D'Esposito Decl Ex. A Undoubtedly, Assurant and its shareholders have profitted from its force-placed insurance arrangements with Defendant HSBC and the other mortgage servicers for whom it provides force placed insurance. Indeed ,ssurant and its affiliates have been named in numerous suits throughout the United States regarding its similar arrangement with Wells Fargo Bank, N.A. *See e.g.*, *Simpkins v. Wells Fargo Bank, N.A., et al.*, 3:12-cv-00768-DRH-PMF, (S.D. Ill) (against Assurant, Inc.)), *Fladell v. Wells Fargo Bank, N.A., et al.*, 0:12-cv-61368 (S.D. Fla) (against Assurant subsidiary American Security Insurance Company), and *Hallie v. Wells Fargo Bank, N.A., et al.*, 2:12-cv-00235-PPS-APR (N.D. Ind.) (against American Security Insurance Company)). Because Plaintiff has suffered specific economic damages as a result of Defendant's conduct, and because Defendants have been enriched by the imposition of force placed insurance with excessive premiums charged to Plaintiff and other HSBC borrowers, a claim for unjust enrichment has been properly plead and should be sustained. *See e.g., Abels v. JPMorgan Chase Bank N.A.,* 678 F, Supp.2d 1273, 1279 (denying motion to dismiss unjust enrichment claims regarding force placed insurance despite allegation that Plaintiff borrower

never paid the charged premiums because those premiums were added to the outstanding balance of the mortgage pursuant to the mortgage agreement).

## IV. CONCLUSION

Dismissal under 12(b)(1) for lack of standing would be inappropriate because the Movants' fail to refute Plaintiff's allegations regarding his damages, ignoring most of them, and rely on supporting documents of questionable origin which only raise more questions regarding the conduct alleged herein and the parties ultimately responsible therefore. Likewise dismissal under 12(b)(6) would be inappropriate because the facts alleged by Plaintiff are only halfheartedly disputed by Defendants and sufficiently allege all required elements of an unjust enrichment claims. For the foregoing reasons, it is respectfully requested that the Court deny Assurant's and Tracksure's Motion To Dismiss the Complaint.

Dated: August 6, 2012

LOWEY DANNENBERG COHEN
& HART, P.C.

By:   /s/ Jeanne D'Esposito
Barbara Hart (BH-5220)
Jeanne D'Esposito (JD-5843)
One North Broadway, Suite 509
White Plains, NY 10601-2301
Tel: (914) 997-0500
Fax: (914) 997-0035

Norah Hart (NH-5153)
305 Broadway, 14th Floor
New York New York 10007
Tel: (212) 897-5865
Fax: (646) 537-2662

*Attorneys for Plaintiff Christopher Maxwell*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER MAXWELL, on behalf of himself and all others similarly situated,<br><br>                  *Plaintiff*,<br><br>v.<br><br>HSBC MORTGAGE CORPORATION (USA), ASSURANT, INC. and TRACKSURE INSURANCE AGENCY, INC.,<br><br>                  *Defendants*. | Civil Action No. 12 CV 1699<br>(JUDGE NATHAN) |

### CERTIFICATE OF SERVICE

I, Jeanne D'Esposito, an attorney, hereby certify that on August 6, 2012, I electronically filed PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS BY ASSURANT, INC. AND TRACKSURE INSURANCE AGENCY, INC. with the Clerk of the Court using the CM/ECF system, which will send electronic notice of such filing to the following counsel of record:

| JORDEN BURT LLP<br>Frank G. Burt<br>Jason H. Gould<br>1025 Thomas Jefferson Street NW,<br>Suite 400 East<br>Washington, DC 20007 | Sullivan v. Worcester LLP<br>Andrew T. Solomon<br>Karen E. Abravanel<br>1633 Broadway, 32nd Floor<br>New York, NY 10019 |
|---|---|

                                                    /s/ Jeanne D'Esposito
                                                    Jeanne D'Esposito